UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

JANIE COOPER,

    Plaintiff,
vs.

CARNIVAL CORPORATION, d/b/a
CARNIVAL CRUISE LINES,

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, JANIE COOPER, by and through undersigned counsel, and sues the Defendant, CARNIVAL CORPORATION, d/b/a CARNIVAL CRUISE LINES, and further states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff, JANIE COOPER, is *sui juris*, and a citizen and resident of the state of South Carolina.

2. Defendant CARNIVAL CORPORATION ("CARNIVAL") is a Panamanian corporation with its principal place of business in Miami-Dade County, Florida. At all times material Defendant CARNIVAL CORPORATION did business under the fictitious name of CARNIVAL CRUISE LINES. For jurisdictional purposes, CARNIVAL is both a citizen of Panama and a citizen of Florida.

3. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332. As such, this matter falls under the Court's diversity jurisdiction

pursuant to 28 U.S.C. § 1332. In the alternative, if diversity jurisdiction does not apply, then this matter falls under this Court's admiralty and maritime jurisdiction.

4. Defendant, at all times material hereto, personally or through an agent:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

   b. Was engaged in substantial activity within this state;

   c. Operated vessels in the waters of this state;

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

   e. The acts of Defendant set out in this Complaint occurred in whole or in part in this county and/or state;

   f. The cruise line ticket for the Plaintiff requires that suit be brought in this Court against the named Defendant in this action.

5. Venue is proper in this district because the Defendant's principal place of business is located within this district.

6. The Defendant is subject to the jurisdiction of the Courts of this state.

7. The causes of action asserted in this Complaint arise under the General Maritime Law of the United States.

8. Defendant, as a common carrier, was engaged in the business of providing to the public and to the Plaintiff in particular, for compensation, vacation cruises aboard the vessel, *Carnival Elation.*

## ALLEGATIONS COMMON TO ALL COUNTS

9. All conditions precedent to the filing of this action have been satisfied, waived, or excused.

10. On or about November 3, 2019, the Plaintiff was a fare-paying passenger aboard the

*Carnival Elation.*[1]

11. At all times material, Defendant owned and/or operated the *Carnival Elation*.

12. At all times material, Defendant owed Plaintiff a duty of reasonable care under the circumstances.

13. At all times material, Plaintiff was exercising due care for her own safety.

14. On the aforementioned date, the Plaintiff was injured aboard Defendant's cruise ship, the *Carnival Elation*, when she slipped and fell on Deck 9 in an area adjacent to the casino while she was walking to the Captain's Ball. The floor where the Plaintiff fell was a highly polished tile that wet and unreasonably slippery.

15. At the time of the Plaintiff's fall, crew members were working in the subject area in close enough proximity to the location of the fall that they could have observed dangerous condition of the floor.

16. Carnival failed to place warning signs in the area to alert Plaintiff to the condition of the floor.

17. The subject deck surface was made unreasonably slippery by the presence of liquid and/or the lack of a non-slip or non-skid surface.

18. Prior to her fall, Plaintiff was unaware that the floor was wet, and was unreasonably dangerous.

19. Plaintiff's fall on the unreasonably slippery floor caused Plaintiff to suffer injuries to her back and leg.

20. Prior to the Plaintiff's fall, Defendant was aware that the subject floor of the Carnival Elation (and its sister ships) were a high-risk area for falls.

21. Prior to the Plaintiff's fall, Defendant had, on previous occasions, placed warning signs in

---

[1] By agreement of the parties, the statute of limitations was extended to September 30, 2021.

the subject area when the area was wet or could become wet.

22. Prior to the Plaintiff's fall, Defendant had, on previous occasions, placed warning signs in the corresponding areas of the *Carnival Elation's* sister ships when those area were wet or could become wet.

23. At the time of the Plaintiff's fall, it was the Defendant's policy that its crew members keep a constant watch for dangerous conditions and to correct them or protect against them when they are seen.  Carnival's crewmembers working in the area of the Plaintiff's fall failed to abide by this policy.

24. The *Carnival Elation* is in the Fantasy Class of Carnival ships along with seven sister ships: the *Carnival Ecstasy*, the *Carnival Sensation*, the *Carnival Paradise,* the *Carnival Fantasy,* the *Carnival Fascination,* the *Carnival Imagination, and* the *Carnival Inspiration*.  Each of the Conquest Class ships are virtually identical in design and configuration.  The decks, public areas, walkways, and staircases of the Conquest Class ships were all designed and constructed in substantially similar ways and with substantially similar materials.

## COUNT I – NEGLIGENT MAINTENANCE OF THE DECK

Plaintiff re-avers and re-alleges paragraphs 1-24 as if set forth herein.

25. On the aforementioned date, the Plaintiff suffered serious personal injuries when she slipped and fell on a highly polished and wet tile floor.

26. Prior to Plaintiff's fall, Defendant knew the subject area was a high-traffic area and was subject to becoming wet.

27. Defendant knew that the subject area was dangerous when wet because of previous slip and fall incidents on the same and similar tile floors.

28. Prior to the Plaintiff's fall, the Defendant was also aware of substantially similar incidents in the same (or similar) area of the *Carnival Elation* and its sister ships. Accordingly, Defendant had actual and constructive notice of the dangerous condition created by the wet and/or slippery deck surface on its ship. *See Thomas Frasca v. NCL*, Case No.: 14-11955 (11th Circuit 2016).

29. At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

30. At all times material hereto, it was the non-delegable duty of Defendant to maintain its subject walkways, platforms, decks, and staircases in a reasonably safe condition so that passengers, including the Plaintiff, had a reasonably safe means of walking aboard the vessel.

31. Notwithstanding Defendant's duty to exercise reasonable care under the circumstances, Defendant breached its duty by unreasonably:

    a.  Failing to properly maintain the subject floor on a passenger deck in a reasonably safe, dry and non-slippery condition;

    c.  Failing to conduct routine safety inspections of the subject floor to determine if the floor was unreasonably slippery when wet;

    d.  Failing to assign a sufficient number of crew members to keep the subject floor in a clean and dry condition;

    e.  Failing to discover in a timely manner the wet, slippery, and hazardous condition of the subject floor; and/or

    f.  Failing to comply with the floor manufacturer's and/or installer's maintenance protocols for the subject floor.

32. The above acts and/or omissions caused and/or contributed to the Plaintiff being severely injured because Plaintiff's incident would not have occurred but for Defendant's failure to adequately inspect and maintain the subject area.

33. At all times material, the Defendant either created the dangerous conditions of which Plaintiff complains and/or the dangerous conditions existed for a sufficient period of time that Defendant had constructive knowledge of the dangerous conditions and/or Defendant had actual knowledge of the dangerous conditions alleged herein to have caused or contributed to causing Plaintiff's injury.

34. At all times material hereto, the subject area was not adequately maintained or inspected so that passengers, including the Plaintiff, could walk aboard the vessel in a reasonably safe manner, thereby creating a dangerous and/or hazardous condition.

35. As a result of the negligence of the Defendant, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered scarring and disfigurement, suffered a loss of earnings and/or earning capacity.  Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs.  Jury trial is demanded.

## **COUNT II – NEGLIGENT DESIGN AND CONSTRUCTION**

Plaintiff re-avers and re-alleges Paragraphs 1-24 as if set forth herein.

36. On the aforementioned date, the Plaintiff suffered serious personal injuries when she slipped and fell on a highly polished and wet tile floor.

37. The floor surface was unreasonably slippery due to its insufficient non-slip or non-skid properties.

38. Defendant actively participated in the design and construction of the *Carnival Elation*. Defendant, through its new-build department, in-house engineers, architects, designers and others actively participated in the design and construction of the flooring which caused Plaintiff's injury and chose or participated in choosing the materials such as the flooring/decking where the incident occurred.

39. Defendant contracted with design firms to design and construct the floor where this incident occurred, contracted with the shipyard to build the ship, stationed representatives at the shipyard to oversee construction and design elements, and through the contract documents and relationship as owner had the ultimate ability to reject or accept the design, construction and materials used on the floor where Plaintiff slipped and fell.

40. Defendant was negligent in the design, construction, inspection, and approval process of the ship for failing to select, construct, and/or design flooring which was reasonably safe under the circumstances when it was wet.

41. Defendant knew or should have known through the exercise of reasonable care that the deck in the area where Plaintiff slipped and fell was unreasonably slippery and dangerous when wet.

42. As a direct and proximate cause of Defendant's negligence, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the

ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered scarring and disfigurement, suffered a loss of earnings and/or earning capacity. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs. Jury trial is demanded.

## COUNT III – NEGLIGENT FAILURE TO WARN

Plaintiff re-avers and re-alleges Paragraphs 1-24 as if set forth herein.

43. Defendant knew or should have known through the exercise of reasonable care that the floor where Plaintiff slipped and fell was wet and also was unreasonably slippery and dangerous when wet.

44. Prior to the Plaintiff's fall, the Defendant was aware of substantially similar incidents in the same (or similar) area of the *Carnival Elation* and its sister ships. Accordingly, Defendant had actual and constructive notice of the dangerous condition created by the wet and/or slippery deck surface on its ship. *See Thomas Frasca v. NCL*, Case No.: 14-11955 (11th Circuit 2016).

45. At the time of the subject incident, it was the Defendant's policy that crew members place warning signs in areas being mopped and to keep those signs in place until the mopped area was dry.

46. On previous occasions, prior to the Plaintiff's fall, the Defendant had placed warning signs in the subject area when it knew the area was wet or that it could become wet.

47. Defendant had a duty to warn Plaintiff of known dangers that were not readily apparent

to Plaintiff through the ordinary use of her senses.

48. Notwithstanding Defendant's duty to exercise reasonable care under the circumstances, Defendant breached its duty by:

    a. Failing to place warning/caution signs in the area;

    b. Failing to cordon off the subject area;

    c. Failing to warn Plaintiff that the deck was wet;

    d. Failing to warn Plaintiff that the deck was unreasonably and dangerously slippery when wet;

    e. Failing to place a caution sign to warn passengers including Plaintiff of the unreasonably slippery substance and/or hazardous flooring surface;

    f. Failing to warn of other accidents previously occurring on same area and/or type of flooring surface under substantially similar circumstances;

    g. Failing to warn of the hazard(s) posed to passengers, including the Plaintiff, due to improper and/or inadequate maintenance and/or inspection of the subject area;

    h. Failing to warn passengers, including the Plaintiff, of the dangerous condition; and/or

    i. Failing to abide by its own internal policies and procedures regarding the placement of warnings signs in areas being mopped.

49. The above acts and/or omissions caused and/or contributed to the Plaintiff being injured because Plaintiff would not have used the subject area had Defendant and/or its agents, servants and/or employees adequately warned the Plaintiff of the foregoing.

50. Defendant knew or should have known through the exercise of reasonable care in the circumstances that the floor where Plaintiff slipped and fell was wet and also was

unreasonably slippery and dangerous when wet.

51. As a direct and proximate cause of Defendant's negligence, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered scarring and disfigurement, suffered a loss of earnings and/or earning capacity. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs. Jury trial is demanded.

### COUNT IV – GENERAL NEGLIGENCE AGAINST DEFENDANT

Plaintiff re-avers and re-alleges Paragraphs 1-24 as if set forth herein.

52. At all times material hereto, it was the non-delegable duty of Defendant to provide Plaintiff with reasonable care under the circumstances.

53. Notwithstanding Defendant's duty to exercise reasonable care under the circumstances, Defendant breached its duty by:

    a. Failing to discover in a timely manner the wet, slippery, and hazardous condition of the subject floor;

    b. Failing to comply with the floor manufacturer's and/or installer's maintenance protocols for the subject floor;

    c. Failing to eliminate and/or modify the hazard(s) which caused Plaintiff to suffer his accident;

    d. Failing to properly and safely train its crewmembers in the care and maintenance of the subject floor surface;

    e. Failing to conduct routine safety inspections of the subject floor to determine if the floor was unreasonably slippery when wet;

    f. Failing to assign a sufficient number of crew members to keep the subject floor in a clean and dry condition;

    g. Failing to ascertain the cause of prior similar accidents occurring on any of the Defendant's vessels fleet wide so as to take adequate measures to prevent their reoccurrence, and more particularly Plaintiff's accident;

    h. Failing to promulgate and/or enforce adequate policies and procedures aimed at ensuring that the hazardous condition which caused Plaintiff's incident would be discovered and corrected;

    i. Failing to promulgate and/or enforce adequate policies and procedures aimed at warning passengers, and Plaintiff in particular, of the hazardous condition that caused Plaintiff's injury; and/or

    j. Failing to promulgate and/or enforce adequate policies and procedures aimed at maintaining the Defendant's vessel in a reasonably safe condition for passengers.

54. At all times material hereto, Defendant knew of the foregoing dangerous conditions causing Plaintiff's incident or that the conditions existed for a sufficient length of time so that Defendant, in the exercise of reasonable care under the circumstances, should have learned of them. This knowledge was or should have been acquired through Defendant's set up, maintenance, inspection and/or supervision of the subject area and/or through prior incidents involving passengers injured due to the unsafe conditions including, but

not limited to, unreasonably slippery substances and/or unreasonably slippery flooring surfaces, thereby creating a hazardous condition, while on Defendant's vessels and/or other vessels reported within the cruise industry.

55. As a direct and proximate cause of Defendant's negligence, the Plaintiff was injured in and about her body and extremities and suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and physical handicap and a loss of the ability to enjoy life; suffered an aggravation of known and unknown pre-existing conditions, suffered a loss of enjoyment and value of the cruise; suffered scarring and disfigurement, suffered a loss of earnings and/or earning capacity. Said personal injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs. Jury trial is demanded.

Dated: September 15th 2021.

>
> LIPCON, MARGULIES
> & WINKLEMAN, P.A.
> *Attorneys for Plaintiff*
> One Biscayne Tower, Suite 1776
> 2 S. Biscayne Boulevard
> Miami, Florida 33131
> Telephone No.: (305) 373-3016
> Facsimile No.: (305) 373-6204
>
> By: */s/ Geoffrey E. Probst*
> **GEOFFREY E. PROBST**
> Florida Bar No. 505498
> gprobst@lipcon.com